FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 DEC -4 PM 2: 45
CLERK'S OFFICE
AT GREENBELT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ALEXIS GLOVER,

    Plaintiff,

v.      Case No.: GJH-19-583

TENNESSEE BOARD OF REGENTS, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Alexis Glover brought this civil action against Defendants Tennessee Board of Regents and Tennessee State University (collectively "Defendants") based on her dismissal from an online education program administered by Defendants. ECF No. 1. On July 2, 2019, Plaintiff filed a Motion for Clerk's Entry Default. ECF No. 17. For the following reasons, Plaintiff's Motion is denied without prejudice.

Federal Rule of Civil Procedure 55(a) authorizes the clerk to enter a default against a party when that party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Proper service is a prerequisite to entry of default. *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring defendant to serve answer "within 21 days *after* being served with the summons and complaint" (emphasis added)); Fed. R. Civ. P. 55(a) (mandating that the clerk enter default against a party that has failed to plead); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008) (stating that "sufficient service of process is a prerequisite to entry of default" (citing *Petersen v. Carbon Cty.*, 156 F.3d 1244 (Table), Case No. 98–4010, 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998)).

1

Service of process is governed by Federal Rule of Civil Procedure 4. Under Rule 4(j)(2), a state or any other state-created governmental organization must be served by delivering a copy of the summons and of the complaint to its chief executive officer or by serving a copy of the summons and of the complaint in accordance with that state's rules for service of process. Under Tennessee Rule of Civil Procedure 4.04, service upon the state of Tennessee "or any agency thereof" must be on the Attorney General or an Assistant Attorney General.

Here, Plaintiff has sued the Tennessee Board of Regents and Tennessee State University, which are state-created organizations. *See* TENN. CODE ANN. § 49-8-101. Thus, under Rule 4, she must serve Defendants through Tennessee's Chief Executive Officer or Tennessee's Attorney General. Plaintiff has not done so. Rather, the executed summons reflect that Plaintiff attempted to serve each Defendant directly by mailing copies of the complaint and summons to the mailing address for each Defendant. ECF Nos. 13, 15. Thus, under the rules, she has not properly served Defendants and is therefore not currently entitled to a default against them.

For the reasons stated, it is ordered by the United States District Court for the District of Maryland that:

1. Plaintiff's Motion for Clerk's Entry Default, ECF No. 17, is **DENIED WITHOUT PREJUDICE**;

2. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Plaintiff;

3. The Clerk **SHALL ISSUE** new summonses and service of process forms that direct service to Tennessee's Chief Executive Officer and Tennessee's Attorney General and provide copies of these forms to the U.S. Marshal Service, which is directed to serve Defendants;

4. Plaintiff **SHALL NOT** file another Motion for Clerk's Entry Default until Defendants have been properly served.

Date: December 4, 2019

_____
GEORGE J. HAZEL
United States District Judge