IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **ALEXIS GLOVER,** | * |
| Plaintiff, | * |
| v. | Case No.: GJH-19-583 |
| | * |
| **TENNESSEE BOARD OF REGENTS,** *et al.* | |
| | * |
| Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Alexis Glover brought this civil action against Defendants Tennessee Board of Regents ("TBR") and Tennessee State University ("TSU") for breach of contract based on her dismissal from an online education program administered by Defendants. ECF No. 1. Pending before the Court is Defendant TBR's Motion to Dismiss for Lack of Jurisdiction. ECF No. 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant TBR's Motion to Dismiss for Lack of Jurisdiction is granted.

**I.   BACKGROUND[1]**

In 2001, Defendant TBR began offering undergraduate and graduate degrees, certificates, and diplomas through an online program called Regents Online Distance Program ("RODP"). ECF No. 1 ¶ 2. In Spring 2015, Plaintiff applied and was accepted to the RODP Master of Science in Nursing ("MSN") program. *Id.* ¶ 3. Once a student is accepted to the RODP MSN program, the TBR then assigns the student to a Tennessee college within the RODP consortium, which becomes the student's "home school." *Id.* ¶ 6. Nowhere on the RODP website or in the

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.

1

RODP materials does it indicate that graduation requirements for the MSN degree could be affected by a student's home school assignment, nor do the website or materials indicate that a student's ability to earn the MSN degree could be different among the consortium schools. *Id.* ¶¶ 7, 8.

Plaintiff was assigned Defendant TSU as her home school. *Id.* ¶ 6. As of the Fall 2016 semester, Plaintiff's cumulative grade point average was 3.52 and she was on track to graduate the MSN program *cum laude*. *Id.* ¶ 9. At that point, she had only received grades of A or B in her MSN courses. *Id.* At the end of the Fall 2016 semester, however, Plaintiff received a C in the NURS5603 FNPII course. *Id.* ¶ 10. Unlike most of the other schools within the RODP consortium, an MSN student at TSU could not pass a class if they earned a C grade. *Id.* ¶ 11. Because NURS5603 FNPII was the last course Plaintiff needed in order to graduate, she retook the course during the Spring 2018 semester. *Id.* ¶ 12. Plaintiff's grade on the final exam was not high enough for her to receive a B, so she earned a C for the course. *Id.* Unlike most of the other schools in the RODP consortium, an MSN student at TSU who received two Cs was automatically dismissed from the program. *Id.* ¶ 13. Thus, after Plaintiff received her second C, she was notified of her dismissal from the MSN program on May 17, 2018. *Id.* ¶ 14.

Plaintiff timely appealed both the grade in the NURS5603 FNPII course and her dismissal from the program. *Id.* ¶ 15. On July 18, 2018, Plaintiff was notified that if she agreed to certain requirements, she could be readmitted to the MSN program so that she could take the NURS5603 FNPII course for the third time; however, if she obtained any grade lower than a B, she would be dismissed and ineligible for readmission to the MSN program. *Id.* ¶ 16. Plaintiff requested to be transferred to another home school within the consortium, but her request was denied. *Id.* ¶ 18.

On February 25, 2019, Plaintiff filed a Complaint in this Court against Defendants TBR and TSU for breach of contract. ECF No. 1. She alleges that by participating in the RODP program, she had a contractual relationship with Defendants and that Defendants breached their contract with Plaintiff by enforcing an arbitrary policy that treated C grades at TSU differently than they were treated at other schools within the consortium and by refusing to allow her to transfer to another school within the consortium. *Id.* ¶¶ 20–34. On February 1, 2020, Defendant TBR filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 23. Plaintiff filed a response on February 27, 2020, ECF No. 25, and Defendant TBR filed a reply on March 12, 2020, ECF No. 26.

## II.   DISCUSSION

Defendant TBR has moved to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A district court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). "The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Constr.*, 776 F.3d 271, 272 (4th Cir. 2015). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where jurisdiction "ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steele*

3

*Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)).

Defendant TBR contends that this Court lacks subject-matter jurisdiction over Plaintiff's breach of contract claim because Defendants have Eleventh Amendment immunity.[2] ECF No. 23-1 at 4–5.[3] Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Lee-Thomas v. Prince George's Cty. Public Schools*, 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)) (internal quotation marks omitted). "The States' immunity also extends to 'state agents and state instrumentalities.'" *Id.* (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

Here, Plaintiff has brought a breach of contract action against Defendants TBR and TSU, which are both instrumentalities of the State of Tennessee. *See* TENN. CODE ANN. § 49-8-101; *Borkowski v. Baltimore Cty., Md.*, 414 F. Supp. 3d 788, 805–6 (D. Md. 2019) (stating the Maryland Board of Regents and the University of Maryland, Baltimore County were instrumentalities of the State of Maryland for immunity purposes); *Kompara v. Bd. of Regents of the State Univ. and Cmty. Coll. Sys. of Tenn.*, 548 F. Supp. 537, 542 (M.D. Tenn. 1982) (stating that Tennessee Board of Regents and state colleges are state agencies for immunity purposes). Because the State of Tennessee, and, by extension, Defendants, have not consented to suit in

---

[2] In the Motion to Dismiss, Defendant TBR states that Defendant TSU "has not been served with summons. Even if TSU were served, all of the same arguments made in support of dismissal of the claim against TBR would apply to TSU." ECF No. 23-1 at 1 n.1. On January 15, 2020, a summons was served upon the Tennessee Office of the Attorney General, ECF No. 22, as is required when a plaintiff sues the state of Tennessee or an agency thereof, *see* Fed. R. Civ. P. 4(j)(2); Tenn. R. Civ. P. 4.04. However, neither the summons nor proof of service indicated that the Office of the Attorney General was to be served on behalf of TSU. *See* ECF No. 22. Nonetheless, because the Tennessee Office of the Attorney General would have been responsible for filing a motion to dismiss on behalf of TSU, just as it has already filed a motion to dismiss on behalf of TBR, and because the same arguments apply to both Defendants, the Court will consider TBR's arguments for dismissal with respect to both Defendants.
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

federal court for breach of contract claims, Defendants are entitled to Eleventh Amendment immunity from Plaintiff's claim. The Court therefore lacks subject-matter jurisdiction, so the Complaint is dismissed. *See Steele Co.*, 523 U.S. at 94.[4]

### III.   CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that:

1. Defendant TBR's Motion to Dismiss for Lack of Jurisdiction, ECF No. 23, is **GRANTED**;
2. The Complaint is **DISMISSED**;
3. The Clerk **SHALL MAIL** a copy of this Memorandum Opinion and Order to Plaintiff; and
4. The Clerk **SHALL CLOSE** this case.

Date: June   17, 2020

/s/_____
GEORGE J. HAZEL
United States District Judge

---

[4] Because the Court finds that it lacks subject-matter jurisdiction, the Court need not address Plaintiff's alternative arguments for dismissal.